UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATHLEEN LOUIS S.,

            Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

Case No. C23-0976 RSM

**ORDER AFFIRMING AND DISMISSING CASE**

Plaintiff seeks review of the denial of her Supplemental Security Income (SSI) benefits. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff, proceeding *pro se*, applied for SSI on July 15, 2019, alleging disability as of August 5, 2003. AR 28, 68–69, 84. Her application was denied initially and on reconsideration. AR 81, 92. In December 2021, Plaintiff requested a hearing before an ALJ. AR 109. On July 7, 2022, the ALJ conducted a hearing where Plaintiff amended her alleged onset date to July 15, 2019, her filing date. AR 50. On July 21, 2022, the ALJ issued a decision finding Plaintiff disabled since her filing date. *See* AR 15–25. In her decision, the ALJ also stated that "[t]he component of the Social Security Administration responsible for authorizing supplemental

security income will advise the claimant regarding the nondisability requirements for these payments, and if the claimant is eligible, the amount and months of which payment will be made." AR 23.  Plaintiff requested review of the ALJ's decision.  AR 174.  In April 2023, the Appeals Council denied Plaintiff's request, stating that while the ALJ found her disabled, Plaintiff's benefits "were terminated based on excess income."  AR 2.  The Appeals Council also stated that if she wanted the agency to reconsider the termination of her benefits, she "need[ed] to file a request for reconsideration."  *Id*.  In June 2023, Plaintiff filed a complaint seeking judicial review.  *See* Dkt. 1.  In her Opening Brief, Plaintiff contends the termination of her benefits.  *See* Dkt. 16.

## DISCUSSION

A plaintiff seeking a judicial review of the denial of their benefits under the Social Security Act (the Act) must first exhaust the remedies set forth in the Act.  *See* 42 U.S.C. § 405(g); *Subia v. Comm. of Soc. Sec.*, 264 F.3d 899 (9th Cir. 2001); *Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989).  Section 405(g) of the Act specifically states, "that a civil action may be brought only after (1) the claimant has been party to a hearing held by the [Commissioner], and (2) the [Commissioner] has made a final decision on the claim."  *Bass*, 872 F.2d at 833.  A claimant obtains the Commissioner's "final decision" about his or her entitlement to benefits only after completing the four steps of the administrative review process: (1) initial determination; (2) reconsideration determination; (3) hearing before an Administrative Law Judge ("ALJ"); and (4) Appeals Council review.  *See* 20 C.F.R. § 416.1400(a).  Without a final agency decision, a district court has no subject-matter jurisdiction.  42 U.S.C. §§ 405(g) and 1383(c); 20 C.F.R. § 416.1400(a)(5); *Califano v. Sanders*, 430 U.S. 99, 108–09 (1977).

Here, Plaintiff received an initial determination of "Not Disabled."  AR 81.  She was

ORDER AFFIRMING AND DISMISSING
CASE - 2

again found not disabled upon reconsideration. AR 92. She had a hearing before an ALJ and received a decision finding her disabled. *See* AR 15–54. Plaintiff then requested review of the ALJ's decision and that request was denied by the Appeals Council. AR 2. However, the denial of her request did not have the same effect of turning the ALJ's decision into a "final decision" by the Commissioner as provided under the regulations because the issue Plaintiff was seeking review of—the termination of her benefits—was not an issue decided by the ALJ. *See* AR 15–25. The ALJ's fully favorable decision was regarding her disability, not the payments to which she is entitled. The ALJ made it clear that a different component of the agency would advise Plaintiff regarding the requirements for receiving payments. AR 25. The termination of her benefits was then decided by the agency, *after* the ALJ determined her disabled. *See* AR 2. Therefore, when the Appeals Council denied Plaintiff's request to review the ALJ's decision, the denial did not constitute as a "final decision" by the Commissioner because they were not denying any of the ALJ's findings. *See* 20 C.F.R. § 416.1400(4) ("If you are dissatisfied with the *decision of the administrative law judge*, [she] may request that the Appeals Council review the decision.") (emphasis added). The Appeals Council explained this in their letter to Plaintiff. AR 2. They also informed Plaintiff that she could have the termination of her benefits reconsidered by filing a request, but nothing in the record suggests Plaintiff did so. *See id*. There is nothing in the record to suggest Plaintiff had a hearing before an ALJ regarding the termination of her benefits and that the Appeals Council denied her request to review the ALJ's decision regarding this particular issue. Plaintiff, therefore, is seeking judicial review for an issue that has not had a "final decision" by the Commissioner.

      When judicial review is not available based on a claimant's failure to show there has been a "final decision" by the Commissioner, an exception is available for "any colorable

ORDER AFFIRMING AND DISMISSING
CASE - 3

constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." *Dexter v. Colvin*, 731 F.3d 977, 980 (9th Cir. 2013) (citations omitted).  A constitutional claim is "not 'colorable', if it 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial or frivolous.'" *Hoye v. Sullivan*, 985 F.2d 990, 991–92 (9th Cir. 1992) (citations omitted).  Plaintiff has not shown she was deprived of the right to be heard or seek reconsideration regarding the termination of her benefits.  The Appeals Council's letter stated she could appeal the agency's decision if she did not agree, but the record does not show she did so.  *See* AR 2.  The Court senses Plaintiff's frustration, but she has not received a "final decision" from the Commissioner, and she has not shown that she meets the exception to the exhaustion requirement.  Therefore, she is unable to invoke judicial review for the termination of her benefits based on excess income.

Plaintiff also suggests her disability began in 2003.  *See* Dkt. 16 at 1–2.  While she alleged on onset date of August 5, 2003, in her applications, she later amended it to July 15, 2019, her filing date, during her hearing before the ALJ.  AR 50.  The ALJ then determined Plaintiff disabled as of her filing date.  AR 22.  SSI benefits are not payable for the period before the month in which an application is filed, regardless of the date the impairments actually became disabling.  20 C.F.R. §§ 416.330, 416.335.  The ALJ's decision is therefore affirmed.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

//

1  DATED this 11th day of December, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER AFFIRMING AND DISMISSING
CASE - 5